UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMPSON TALBERT,

        Plaintiff,

v.

GARDA CL GREAT LAKES, INC.,

        Defendant.

Case No. 13-10353

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

_____/

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AGREEMENT [223]**

This is a Fair Labor Standards Act collective action case in which Plaintiffs sought compensation for uncompensated overtime. On September 12, 2017, the Court granted in part and denied in part Plaintiffs' Motion for Summary Judgment as to liability. Though the question of damages was left for trial, the parties eventually reached a settlement. The parties now jointly move the Court to approve their collective action settlement agreement, as is customary, but not required, in the Sixth Circuit. *See Steele v. Staffmark Investments*, LLC, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016).

1

The United States Court of Appeals for the Sixth Circuit has provided several factors for courts to consider when deciding whether a settlement between employees and an employer is fair and reasonable. They are as follows.

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007).

Plaintiffs filed this case on January 29, 2013 as a collective action suit under the FLSA. 151 individuals have opted into the suit. The parties vigorously litigated the case, arguing motions for summary judgment in 2013, 2015, and 2017. There appears to have been no fraud or collusion. Though much of the complexity and expense of the litigation is behind them, Plaintiffs have valid reasons to avoid a trial and an appeal, both of which contain inherent uncertainty. Discovery in this case has been exhaustive, and counsel for the parties represent that the settlement is fair and reasonable.

Though Plaintiffs' counsels' fees are high, the motion makes clear that plaintiffs will receive 100% of actual damages and 50% of possible liquidated damages. Plaintiffs' brief accompanying the Joint Motion emphasizes that Plaintiffs' counsel took this case on a contingency basis with a great deal of risk. Their hourly

rates are reasonable, and the hours billed are not unreasonable for a case of this duration and complexity.

Accordingly,

**IT IS ORDERED** that the Joint Motion for Approval of Collective Action Settlement Agreement [223] is **GRANTED**.

**SO ORDERED**.

Dated: January 23, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge